VERMONT STATE BANK *vs.* STODDARD.

A. as principal, and B. and C. as sureties, signed a note payable to the Vermont State Bank. The note was discounted and the money paid to A. the principal. By mistake the note was afterwards given up to A. $250, being unpaid and remaining due on the note.—Held that *indebitatus assumpsit* would lie against A. solely for the said sum of $250.

THIS was an action of general *indebitatus assumpsit*, for money had and received. At the trial a verdict was taken for the plaintiff, subject to the opinion of the Court on the following case.

On the 28th day of April, 1808, John Stoddard, for the purpose of borrowing money of the Vermont State Bank, deposited a note of that date signed by himself principal, and Zerah Willoughby and Newton Hays sureties, by which they jointly and severally promised to pay said Bank, sixty days after date, $250; which said note was discounted; on which Stoddard received from the Bank the amount in money on his own account and to his own use. Afterwards, on the 8th day of June, 1808, the said Stoddard wishing to borrow more money of the Bank, deposited in the Bank another note, signed by himself principal, and Zerah Willoughby and David Stevens sureties, by which they promised to pay said Bank the sum of $650, sixty days from date. The money on this note was also received by Stoddard on his own account and to his own use. Afterwards Stoddard paid to the Bank $650 on the two notes, leaving a balance due the Bank on said notes; but through a mistake, both of said notes were given up to Stoddard, and it was agreed by the parties that if on the foregoing facts, the Court should be of opinion that the plaintiff is entitled to recover.—Judgment to be entered on the verdict, otherwise the verdict to be set aside, and the plaintiff to become nonsuit.

*Aldis,* for plaintiff.

*Marvin* and *Swift,* for defendant.

The opinion of the Court was delivered by

HUBBARD, J. The question for the opinion of the Court is, Do the facts above stated, in point of law, support this action of general *indebitatus assumpsit* for money had and received against the present defendant, Stoddard? The action for money had and received

Franklin,
December,
1813.

Vt. State
Bank
vs.
Stoddard.

has been rightly compared to a bill in equity.  It is to recover money belonging to the plaintiff in the hands of the defendant, which he in equity and good conscience cannot retain.  In this case the defendant received the money of the plaintiff, upon a security since given up by mistake.  The money still remains in the hands of the defendant, which he cannot in equity and good conscience retain.

It is objected that the notes given up, on which the money was due, having been signed by others with the defendant, all should have been sued.  The plaintiff has no claim either at law or in equity against the sureties, who received no part of the money.  In the case. Attorney General *v.* Randal, 2 Eq. C. Ab. 742.—Though a receipt had been signed by three Trustees, yet the Chancellor decreed that the one only who had received the money should be accountable.  In the case Stratton *v.* Rastal and others, 2 T. Rep. 366, where an annuity bond granted by two became void by a neglect of the grantee, in not registering a memorial agreeably to the provisions of the statute, the Court held that he could not recover back any part of the consideration, from the one who had signed as security, notwithstanding they had both signed the receipt.

Nor is there any thing in the objection that the action should have been brought on the notes.  The notes had been given up, and probably cancelled.  It might be difficult, accurately to describe the notes.  This action is more convenient for the plaintiff, and not less so to the defendant, than an action or actions on the notes.  There are many cases where the action for money had and received will lie, where the contract is in writing; and even where the writing remains in force and in the hands of the plaintiff.  It was holden to lie in the case of Farrer *v.* Nightingale, 2 Esp. Rep. 639, for money received under a written contract, which the defendant was unable to perform.  In the case of Weaver *v.* Bentley in the Supreme Court in the State of New-York, Cain's Rep. 197, and in a case in the Circuit Court in New-York, where the defendant had failed to perform.

It cannot be objected that the action will not lie for the amount due on the notes delivered up, on the ground that they were not money.—They were payable in money, and money was received by the defendant when the notes were made.  This is a stronger case than that of Longchamp *v.* Kenney, Doug. 137.—In that case it was held that this action would lie against a person, who had got

possession of a Masquerade Ticket belonging to the plaintiff, on presumption that he had sold it. In this case it is unnecessary to resort to presumption. It is admitted that the defendant has received the money. There must therefore be

*Franklin, December, 1813.*

Judgment on the verdict.